967 F.2d 583
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce Campbell ADAMSON, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General; Monica Lincoln
Willard, Frank MacDonald, Defendants-Appellees.
 No. 90-55861.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 30, 1992.*
Decided May 29, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Adamson, proceeding pro se, has attempted to state a claim in the numerous complaints he has filed in alleging reverse sex and race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Each time his complaint was dismissed for one reason or another. His third amended complaint, 48-pages long with 266 pages of attachments, was dismissed on the motion of the defendants for failure to provide a short and plain statement of the claims as required by Fed.R.Civ.P. 8(a). At that point the district court attempted to proceed on Adamson's second amended complaint, but, after reviewing it, concluded that it failed to state a claim under Title VII. It dismissed that complaint and instructed Adamson to amend his complaint "to include facts constituting the elements" of a Title VII action.
 
 
 3
 Twice Adamson attempted to comply with this instruction. The first attempt consisted of a 58-page complaint with 324 exhibits. The second attempt, after the first was rejected for failure to comply with Fed.R.Civ.P. 8(a), consisted of a 35-page fourth amendment complaint. This was dismissed with prejudice for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Adamson appealed this action. We affirm.
 
 I.
 DISMISSAL WAS NOT PREMATURE
 
 4
 The district court instructed Adamson properly on both the substantive law of Title VII and the pleading requirements of an action thereunder. As indicated above, several opportunities were provided to enable Adamson to state his claim. In no way can it be said that the district court erred in acting too hastily.
 
 II.
 FAILURES IN PLEADING A TITLE VII VIOLATION
 
 5
 Adamson failed to plead that he was more qualified than the persons ultimately hired in the positions he asserts were discriminatorily denied him. He does plead that he was hired as a letter carrier in May, 1985, and was terminated in July of the same year "for leaving the jeep open and not pulling up the brake." In August he was rehired as a casual clerk. He was not reinstated as letter carrier, although two whites and one non-white under different circumstances were.
 
 
 6
 Adamson's bald allegations that he was passed over for promotions because he was white and that blacks were appointed to supervisory positions for which he was better qualified do not establish a prima facie case of discrimination. Neither discriminatory treatment nor a disparate impact situation is adequately pleaded. To the extent that Adamson pleaded facts, such as his score on a certain test, the alleged nepotism practiced by Postmaster Willard, and the completion by him of a Post Office course in supervision, he fails to indicate how each caused or contributed to reverse discrimination against him. That Adamson has complaints about his work for the Post Office is clear; that his complaints do not state an employment discrimination claim under Title VII is also clear.
 
 
 7
 Adamson's sex discrimination and sexual harassment claims fare no better. That Postmaster Willard may have hired more black female clerks than of any other race and gender does not mean that Adamson, who was hired as a clerk, has a claim based on race or gender discrimination. Adamson must assert only his rights when suing as an individual; he is not empowered to act as a private attorney general.
 
 
 8
 His claims of sexual harassment are supported only by a recital of altercations with fellow employees in which a female supervisor expressed herself forcefully and a mail coworker who addressed Adamson as "sweetheart." This does not constitute severe and pervasive harassment.
 
 
 9
 Finally, Adamson attempts to link his alleged harassment to his filing of discrimination complaints with the EEOC. The effort fails. There exists on the face of the complaint no causal link. No other claims are adequately stated on the face of the complaint.
 
 
 10
 Adamson's failure is pervasive. Repeatedly he charged discrimination and repeatedly he alleged a fact or incident which was insufficiently related to discrimination or harassment.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3